IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ROBERT C. SIPES,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration;

    Defendant.

4:12CV3024

MEMORANDUM AND ORDER

    This matter is before the court on plaintiff's application for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Filing No. 31, and on defendant Commissioner's objection thereto, Filing No. 32.

    I.  Facts

    On July 17, 2013, this court reversed a decision of the Commissioner of the Social Security Administration ("SSA") denying disability benefits to the plaintiff and ordered the action remanded to the SSA with instructions to award benefits. *See* Filing No. 29, Memorandum and Order; Filing No. 30, Judgment. The plaintiff requests payment in the amount of $19,221.61, representing 104 hours of attorney time at rates ranging from $183.75 to $187.50 per hour. Defendant Colvin ("the Commissioner") objects to the plaintiff's application for fees as untimely. Further, the Commissioner argues that, if granted, the court should reduce the award because the requested fees are not compensable or reasonable.

    This court entered judgment in this case on July 17, 2013. Filing No. 30. The defendant contends the plaintiff's fee petition was due no later than October 16, 2013, and the plaintiff does not dispute that contention. The plaintiff filed his application for

attorney fees on January 17, 2014. Filing No. 31. The plaintiff has advanced several personal circumstances that have affected his ability to fulfill his personal and professional responsibilities. *See* Filing No. 33, Brief at 3-4. The plaintiff has also shown that any fee award has been assigned to counsel. Filing No. 31, Application at 12.

In opposition to the fee award, the Commissioner argues that allowing plaintiff to seek EAJA fees outside the 30-day time frame will prejudice the government in that, if untimely filings are allowed, federal agencies cannot anticipate whether to set aside agency appropriations to satisfy any potential award. The Commissioner does not dispute that the plaintiff obtained a favorable ruling nor does she contend the government's position was substantially justified.

II. Law

The EAJA provides that a prevailing party is entitled to an award of fees and expenses in any action brought by or against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). It provides for the award of attorney fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed two million dollars at the time the civil action was filed; and (3) the fees and expenses were "incurred by that party in [the] civil action" in which it prevailed. 28 U.S.C. § 2412(d)(1)(A)-(2)(B); *S.E.C. v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004). "A disability benefits claimant is a prevailing party if the claimant ultimately obtains the benefits sought on appeal to the district court." *See Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir.1993).

The burden of establishing that the position of the United States was substantially justified "must be shouldered by the Government." *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). To establish substantial justification, the Commissioner must show that the denial of benefits had "a reasonable basis in law and fact." *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005).

An EAJA application based on a district court judgment remanding a case pursuant to sentence four of 42 U.S.C. § 405(g) must be filed no later than 30 days after the sentence four judgment has been entered and the appeal period has run such that the judgment is no longer appealable.[1]  See *Pottsmith v. Barnhart*, 306 F.3d 526, 527-28 (8th Cir. 2002); *Melkonyan v. Sullivan*, 501 U.S. 89, 94-97 (1991). The remand order is the final judgment for EAJA purposes if the claimant is a prevailing party and the remand order directs the Secretary to award benefits. *Hafner v. Sullivan*, 972 F.2d 249, 250 (8th Cir.1992). Under the federal rules, a notice of appeal must be filed within 60 days after judgment when the United States or its officer or agency is a party. Fed. R. App. P. 4(a)(1)(B). The EAJA's 30-day time limit in which to apply for fees and costs begins once this 60-day window in which to appeal ends. *Shalala v. Schaefer*, 509 U.S. 292, 302-03 (1993).

The 30-day deadline for fee applications in § 2412(d)(a)(B) is not "jurisdictional" and courts may consider equitable tolling and the relation-back doctrine in determining the effect of an untimely application or amended application for attorney fees. *Scarborough,* 541 U.S. at 414. Statutory filing deadlines are subject to equitable tolling

---

[1] Sentence four provides that "[t]he court shall have the power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

even when they apply to the federal government. *See id.* at 420-21; *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Courts called upon to interpret the EAJA should endeavor to interpret the fee statute in light of its purpose, which was to diminish the deterrent effect of seeking review of, or defending against, governmental action. *See Astrue v. Ratliff*, 560 U.S. 586, 599 (2010) (Sotomayor, J., concurring). District courts have the authority to order fees paid directly to counsel as long as the government is afforded an opportunity to offset any preexisting debt owed by the plaintiff, and the plaintiff has assigned all rights in the fee award to counsel. *Mathews-Sheets v. Astrue*, 653 F.3d 560, 565-66 (7th Cir. 2011).

    III.  Discussion

The parties agree that the plaintiff's application is untimely. The court finds, however, that equitable tolling is appropriate in this case. The plaintiff has presented extraordinary circumstances that justify the short delay in filing the EAJA application. He has presented circumstances that involve more than a garden-variety claim of excusable neglect. In contrast, the prejudice to the defendant is minor, especially in the context of the lengthy delays that SSA claimants undergo in the appeals process.

The court further finds that the plaintiff was the prevailing party in this action. The Commissioner does not argue that the government's position in this action was substantially justified, and the court finds that it was not. The ALJ failed to properly credit the opinion of the claimant's treating physician, failed to properly consider the claimant's subjective complaints of pain, and posed a hypothetical question to a vocational expert that did not reflect the evidence. The court finds that an award of fees

in these circumstances will further the objectives of the EAJA.  Accordingly, the court finds the plaintiff is entitled to an award of attorney fees.

The court has reviewed the fee application and finds that the fees requested are reasonable and necessary to the prosecution of this action.  This action involved a lengthy administrative record and multiple issues.  Based on its familiarity with the record, the court finds the plaintiff's counsel devoted a reasonable amount of time to the action.  The hourly rate sought by the plaintiff is proper under the EAJA.[2]  Also, the plaintiff has shown that the fee award has been assigned to him and defendant has not asserted that it will be prejudiced by a direct payment to plaintiff's counsel.

IT IS ORDERED:

1. The plaintiff's application for an award of fees (Filing No. 31) is granted;

2. Defendant's objection to the award of fees (Filing No. 32) is overruled;

3. Plaintiff is awarded fees under the EAJA in the amount of $19,221.61;

3. A judgment for EAJA attorney fees in accordance with this Memorandum and Order will be entered this date.

DATED this 23rd day of May, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

[2] The hourly rate for attorney fee awards is set by statute.  28 U.S.C. §2412(d)(2)(A) (limiting rates to $125.00 per hour, adjusted for inflation).  Pursuant to Section 2412(d)(2)(A)(ii) of the EAJA, the plaintiff  requests an upward adjustment of this rate to reflect the increased cost of living.  The government does not object to this adjustment and the court will accept plaintiffs' calculation of the appropriate hourly rate.